JAN 15 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

WILLIAM BROWN, JR. and
B&M HITECH ELECTRIC,

    Plaintiffs,

v.                            Civil Action No. 3:15cv447

CRAIG MYERS, <u>et al.</u>,

    Defendants.


**MEMORANDUM OPINION**

This matter is before the Court on the defendants' MOTION TO DISMISS THE COMPLAINT (Docket No. 4), PLAINTIFFS' MOTION IS FOR THE COURT TO DENY THE REBUTTAL BRIEF IN SUPPORT OF THE MITON [sic] BY THE DEFENDANT TO DISMISS THE COMPLAINT OF THE PLAINTIFFS (Docket No. 10) and THE PLAINTIFFS' MAKE A MOTION TO HAVE THE PLAINTIFFS' COMPLAINT GO TO IMMEDIATE TRIAL OR IMMEDIATE SETTLEMENT CONFERENCE (Docket No. 11). For the following reasons, the defendants' MOTION TO DISMISS THE COMPLAINT (Docket No. 4) will be granted and the PLAINTIFFS' MOTION IS FOR THE COURT TO DENY THE REBUTTAL BRIEF IN SUPPORT OF THE MITON [sic] BY THE DEFENDANT TO DISMISS THE COMPLAINT OF THE PLAINTIFFS (Docket No. 10) and THE PLAINTIFFS' MAKE A MOTION TO HAVE THE PLAINTIFFS' COMPLAINT GO TO IMMEDIATE TRIAL OR IMMEDIATE SETTLEMENT CONFERENCE (Docket No. 11) will be denied.

**BACKGROUND**

B&M HiTech Electric ("B&M") contracted with Watson Electrical Construction Co. LLC ("Watson Electrical") for a project at the Richmond City Jail (the "Project"). Docket No. 1 at ¶ 4; Docket No. 5 at 1.   B&M is a sole proprietorship owned by William Brown, Jr. ("Brown").[1] The general contractor on the Project, Thompkins Builders, Inc., contracted with Watson Electrical which, in turn, subcontracted with B&M. Docket No. 9 at 3.   The subcontract price was $1,875,000. Docket No. 7-1.

A Contractor Controlled Insurance Program ("CCIP") covered the Project. The CCIP provided coverage for Project operations to enrolled contractors and subcontractors. Docket No. 5 at 1-2. Plaintiffs enrolled in the program, but believed that it came at no cost. Docket No. 1 at ¶ 7.   In fact, the cost of the CCIP was calculated based on an initial payroll estimate that was subject to periodic review and cost adjustments. Docket No. 9 at 2.

B&M claims that it was due a final payment of $87,155, but that Watson Electrical paid B&M a final payment of only $5,869 at the conclusion of the project.[2] Docket No. 1 at ¶ 9; Docket

---

[1] The type of entity was at issue, but the parties have resolved that B&M is, in fact, a sole proprietorship. See Docket No. 9 at note 1.

[2] There is also a discrepancy in the numbers included in the Complaint. From the Complaint, it is hard to determine whether Watson Electrical made a final payment of $5,833 or $5,869, but

No. 7-9. The reduced final payment included deductions for change orders and apparently a deduction for a charge for the cost of the CCIP. Docket No. 5 at 2; Docket No. 1 at ¶ 5. According to the Complaint, the deductions totaled $66,208.[3] Id.

Brown filed the Complaint herein *pro se* on July 29, 2015 naming himself and B&M as plaintiffs (collectively, "Plaintiffs").[4] Docket No. 1. The Complaint names as defendants Watson Electrical, Craig Myers, David Brown, David Collins, and Richard Allard, Jr. (collectively, "Defendants"). Id. Although the Complaint does not separate the claims, it, in fact, alleges three counts: (1) discrimination against Brown and B&M in violation of 42 U.S.C. § 1981; (2) fraud; and (3) breach of contract. Id.

Defendants moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. Docket No. 4. The motion has been fully briefed. Plaintiffs also filed a Motion to Deny the Rebuttal Brief in Support of the Defendants'

---

a copy of the final payment attached to the Plaintiff's opposition memorandum is a check for $5,869. Docket No. 7-9.

[3] The Complaint refers to the deductions as a "back charge," but it is clear that the parties are referring to the same thing.

[4] Because B&M is a sole proprietorship owned by Brown, he may represent B&M in a *pro se* capacity. See Roberts v. UXB Int'l, Inc., 2014 WL 4187335, *3 (W.D. Va. 2014); RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.4 (4th Cir. 2007).

Motion to Dismiss (Docket No. 10) and a Motion for Immediate Trial or Settlement Conference (Docket No. 11).

## DISCUSSION

**1.   Defendant's 12(b)(6) Motion to Dismiss**

**A.     Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. Jordan v. Alternative Resources Corp., 458 F.3d 332, 338 (4th Cir. 2006). Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When deciding a motion to dismiss, a court "draw[s] all reasonable inferences in favor of the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). However, while the court must "accept the pleader's description of what happened" and "any conclusions that can be reasonably drawn therefrom," the court "need not accept conclusory allegations encompassing the legal effects of the pleaded facts," Charles A. Wright & Arthur R. Miller,

4

Federal Practice and Procedure § 1357 (3d ed.1998); <u>Chamblee v. Old Dominion Sec. Co., L.L.C.</u>, 2014 WL 1415095, *4 (E.D.Va. 2014). Nor is the court required to accept as true a legal conclusion unsupported by factual allegations. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009). Courts must reject conclusory allegations that are merely recitations of the elements of a claim and conduct a context-specific analysis to determine whether the factual allegations suggest a plausible entitlement to relief. Wright & Miller § 1357; <u>Chamblee</u>, 2014 WL 1415095, *4. In sum, a motion under Fed. R. Civ. P 12(b)(6) should be granted if, "after accepting all well-pleaded allegations . . . as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

### B. Analysis

#### (i) The Complaint Does Not State a Cognizable 42 U.S.C. § 1981 Claim

42 U.S.C. § 1981 protects the right for all persons who are within the jurisdiction of the United States to make and enforce contracts. 42 U.S.C. § 1981(a). Plaintiffs allege that the Defendants discriminated against them in violation of Section 1981 by not granting "the Plaintiff(s) the same rights as a

white citizen to make and enforce contracts. . ." Docket No. 1 at ¶ 1.

Although it is not expressly stated in the Complaint, the Section 1981 claim implies that Brown is a minority, and, therefore, that B&M is a minority-owned business. However, even assuming that Brown is a minority, the Complaint sets out no facts to plausibly articulate that Watson Electrical, or the individual Defendants discriminated against Brown at all. Plaintiffs have merely invoked Section 1981 without properly pleading any facts to support an allegation of discrimination. The claim is made only in broad, vague and conclusory terms.

Brown also claims that the language "Final Payment in Full" at the bottom of B&M's check denied his right to make and enforce the Contract between B&M and Watson Electrical. Docket No. 1 at ¶ 10. Plaintiffs do not explain why that language is evidence of racial discrimination by Defendants or how the language denied his right to make and enforce the contract with Watson Electrical. Nor can the Court discern any description of racial discrimination.[5]

Plaintiffs have alleged no facts that suggest that the Defendants had discriminatory intent by deducting the final

---

[5] In fact, the best that can be inferred from what is said in the Complaint is that Brown is a minority, B&W is a minority business and the reduced payment was therefore animated by discrimination. That is simply not enough to plead a successful discrimination.

payment under the contract.   It seems that Plaintiffs have simply tacked on the Section 1981 claim to a dispute that concerns contract payments.   Without pleading any facts that would make racial discrimination plausible, Plaintiffs have not properly pleaded a Section 1981 claim.   Accordingly, the Section 1981 count will be dismissed for failure to state a claim upon which relief may be granted.

### ii.  The Fraud Claim Was Not Plead with Particularity

Plaintiffs must plead with particularity, the circumstances surrounding allegations of fraud. Fed. R. Civ. P. 9(b). Fraud is a state law claim.   To succeed, Plaintiffs must prove by clear and convincing evidence: "1) a false representation; 2) of material fact; 3) made intentionally and knowingly; 4) with intent to mislead; 5) reliance by the party misled; and 6) damages resulting from that reliance." Bank of Montreal v. Signet Bank, 193 F.3d 818, 826 (4th Cir. 1999). Plaintiffs "must plead with particularity the time and place the misrepresentations were made, the contents of those misrepresentations, the identity of the individual making the misrepresentation, what the individual making the misrepresentation gained from making it, and the aggrieved party reasonably and detrimentally relied on those misrepresentations." Sewraz v. Nguyen, 2011 WL 201487, *8 (E.D.

Va. 2011) (quoting Scott v. GMAC Mortgage, LLC, 2010 WL 3340518, *7 (W.D. Va. 2010)).

The Complaint satisfies none of these requirements. Instead, there is the conclusory allegation that: "Defendants committed an act of Fraud by failing to disclose the proper information about the CCIP Insurance that was checked on the Plaintiff(s) Contract by Defendant David Brown who checked it and said that there was no charge to B & M Electric." Docket No 1 at ¶ 3. That simply is not sufficient at law.

Additionally, because Plaintiffs are alleging causes of action in both contract and tort, the fraud claim must be independent from the breach of contract claim. Vanguard Military Equip. Corp. v. David B. Finestone Co., Inc., 6 F. Supp. 2d 488, 492 (E.D. Va 1997). It is possible that Plaintiffs are attempting to bring a claim of fraud in the inducement which is a cause of action in tort that is separate and independent from a breach of contract claim. The elements of fraud in the inducement under Virginia law are: "1) the defendant made a material misrepresentation for the purpose of procuring a contract; 2) the plaintiff relied on the misrepresentation; and 3) the plaintiff was induced by the misrepresentation to enter into the agreement." Fransmart, LLC v. Freshii Development, LLC, 768 F. Supp. 2d 851, 864 (E.D. Va. 2011).

8

The Complaint is unclear, but construing it liberally in a light most favorable to Plaintiffs, it appears that Plaintiffs are alleging that Defendants somehow committed fraud by omitting information regarding the cost of CCIP Insurance and the potential for back charges in the formation of the contract. Docket No. 1 at ¶ 3, 5. However, that is an insufficient basis on which to find a claim of fraud in the inducement.  For the foregoing reasons, the fraud claim will be dismissed.

### ii.   **The Breach of Contract Claim Fails**

Under Virginia law, the elements of a breach of contract cause of action are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. Fransmart, 768 F. Supp. 2d at 859; Filak v. George, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2010).

The Complaint states that there was a contract between Watson Electrical and B&M, but it does not state that the other named defendants were parties to the contract. Docket No. 1 at ¶ 10. Nor does the Complaint set out any facts to support the essential element that defendants Craig Myers, David Brown, David Collins and Richard Allard, Jr. had a legally enforceable obligation to Plaintiffs. For that reason, the breach of

contract claim against defendants, Myers, Brown, Collins, and Allard will be dismissed.

Second, the Complaint does not state any facts to support the conclusory allegation that Watson Electrical breached the contract's obligations. The Complaint merely asserts in conclusory fashion that there were "bogus" charges and that Defendants breached "by discriminating against the Plaintiff(s) by issuing the Plaintiff(s) a check for $5,869 and writing on the bottom of the check 'Final Payment in Full' . . . ." Docket No. 1 at ¶ 10. The Complaint does not connect these actions to any perceived breaches of the contractual obligations. Nor does the Complaint cite any contractual provisions that would support the allegation that the offset charges and final payment constituted breach of the contract. That failure warrants dismissal of the claim. See Minor v. Tyson Foods, Inc., 60 F. Supp. 3d 684, 689 (W.D. Va. 2014). Accordingly, the breach of contract claim against all defendants will be dismissed.

**2.    Plaintiffs' Motion to Deny the Rebuttal Brief in Support of the Motion to Dismiss Complaint and Plaintiffs' for Immediate Trial or Settlement Conference**

Having granted the MOTION TO DISMISS THE COMPLAINT (Docket No. 4), the PLAINTIFFS' MOTION IS FOR THE COURT TO DENY THE REBUTTAL BRIEF IN SUPPORT OF THE MITON [sic] BY THE DEFENDANT TO DISMISS THE COMPLAINT OF THE PLAINTIFFS (Docket No. 10) and THE PLAINTIFFS MAKES A MOTION TO HAVE THE PLAINTIFFS' COMPLAINT GO

TO IMMEDIATE TRIAL OR IMMEDIATE SETTLEMENT CONFERENCE (Docket No. 11) are moot and will be denied as such.

## CONCLUSION

For the reasons stated above, the MOTION TO DISMISS THE COMPLAINT (Docket No. 4) will be granted and the PLAINTIFFS' MOTION IS FOR THE COURT TO DENY THE REBUTTAL BRIEF IN SUPPORT OF THE MITON [sic] BY THE DEFENDANT TO DISMISS THE COMPLAINT OF THE PLAINTIFFS (Docket No. 10) and THE PLAINTIFFS MAKES A MOTION TO HAVE THE PLAINTIFFS' COMPLAINT GO TO IMMEDIATE TRIAL OR IMMEDIATE SETTLEMENT CONFERENCE (Docket No. 11) will be denied as moot.

The Clerk is directed to send a copy of the Memorandum Opinion to the plaintiffs.

/s/    /s/

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 15, 2016

11